Filed 3/18/21  P. v. Valiente CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER GALVEZ VALIENTE,<br><br>        Defendant and Appellant. | A159455<br><br>(Solano County<br>Super. Ct. No. VCR232201) |

Alexander Galvez Valiente appeals his conviction for two counts of lewd acts on a child under the age of 14 (Pen. Code, § 288, subd. (a)), contending that the evidence was insufficient to support his convictions.  Because his appeal lacks merit, we affirm.

### BACKGROUND

Valiente's convictions are based on two incidents involving his niece, M.H.  When she was in her twenties, M.H. reported that Valiente had molested her when she was a child.  The incidents occurred at a house in Vallejo, California ("Vallejo house") where Valiente had resided, and where M.H. attended family gatherings and occasionally slept overnight.  In addition to Valiente, M.H.'s aunt and grandparents resided in the home.

1

According to M.H., in one of the incidents (the living room incident), Valiente approached her when she was laying on her stomach in the living room at the Vallejo house, watching cartoons one morning after having slept over. M.H. was wearing pink pajamas with flowers on them, and Valiente was wearing olive green plaid pajama pants. Valiente flipped her over onto her back by grabbing her torso on the sides of her stomach, and then lay on top of her, thrusting his penis against her vaginal area through her clothes. She felt Valiente's body weight on top of hers and felt a lot of pressure from his penis against her vagina. Because it hurt, M.H. said "owe," and Valiente stopped and got off of her. The incident lasted for about a minute. M.H. testified inconsistently about her age when the incident happened, stating at various points that she was six, seven, or eight at the time.

In the other incident (the sleeping bag incident), M.H. had slept overnight in a sleeping bag on the floor of the master bedroom of the Vallejo house. After her aunt woke up and left the room, Valiente got into M.H.'s sleeping bag behind her, in a spooning position. The two were laying on their left sides. Valiente brushed his right hand along M.H.'s body, from her right calf to her hip to her vagina. He touched her vagina through her clothes for a few seconds. M.H. was between the ages of seven and ten at the time.

Valiente testified at trial and denied the allegations.

After the jury returned guilty verdicts, the trial court sentenced Valiente to a total of eight years in prison, suspended the sentence, and placed Valiente on three years of probation. The court sentenced Valiente to serve 364 days in custody and imposed $1,070 in fines and fees.

DISCUSSION

In considering Valiente's contention that there was insufficient evidence to support his convictions, we review the record for substantial evidence from which a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Morales* (2020) 10 Cal.5th 76, 88.) We " 'review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the [trier of fact] could reasonably have deduced from the evidence.' " (*People v. Lee* (2017) 11 Cal.App.5th 344, 353 (*Lee*).) We may not resolve credibility issues or evidentiary conflicts because those are " 'the exclusive province of the trier of fact.' " (*People v. Gomez* (2018) 6 Cal.5th 243, 280-281 (*Gomez*).) Applying these standards, we affirm the convictions.

**A.**

Pointing to M.H.'s conflicting testimony about her age at the time of each incident, Valiente contends there was insufficient evidence to support his convictions. We disagree.

Although M.H. was uncertain about how old she was when the incidents of abuse occurred, she was certain that they took place while Valiente resided at the Vallejo house.[1] She testified that the living room incident happened when she was about six years old, when she was "about seven," or when she was seven or eight years old. She also testified that she thought she was in the first or second grade at the

---

[1] In light of M.H.'s consistent testimony that both incidents occurred at the Vallejo house, we reject Valiente's suggestion that the Solano County Superior Court did not have jurisdiction over the case because the incidents may have occurred while he resided in Marin County.

time.  With respect to the sleeping bag incident, M.H. estimated that she may have been seven, eight, or nine at the time, or possibly as old as 10 years old.

M.H. indicated that she could "not exactly" remember what her age was at the time of the two incidents and that they happened "a while ago."  She also testified that notwithstanding her inability to remember exactly old she was, she was "a hundred percent confident" that Valiente got on top of her and tried to "dry hump" her in the living room.  Likewise, although she could not remember her exact age, she testified that she was "a hundred percent confident" that Valiente got into her sleeping bag and touched her leg and vagina.  She described the incidents of molestation in detail, including the time of day, the exact location inside the house, the duration, Valiente's actions, and her body position relative to his.

The inconsistencies concerning M.H.'s age do not undermine the convictions here.  First, we disagree with Valiente's assertion that the living room incident described by M.H. was impossible or highly improbable because he did not move into the Vallejo house until February of 2003.  (See *Gomez, supra*, 6 Cal.5th at p. 281 [appellate court must defer to trier of fact's resolution of inconsistencies in testimony "in the 'absence of patent falsity, inherent improbability, or other reason to question [the testimony's] validity' "].)  At that time, M.H. would have been eight years old, which was consistent with her testimony at one point that she was seven or eight years old at the time of the living room incident.  Contrary to Valiente's claim, M.H. never testified that she was five years old at the time of the living room incident.  She testified that instances of inappropriate conduct by

4

Valiente occurred when she was between the ages of five and twelve. When defense counsel asked her directly what happened when she was five years old, she testified that no specific incident occurred at that time, but she "felt that he was always looking for me."

Second, M.H.'s precise age was immaterial so long as she was younger than age 14, as required for a conviction under Penal Code section 288, subdivision (a). The prosecution charged both counts of lewd acts as having occurred between July 29, 1999 and July 28, 2007, and M.H.'s testimony was not only consistent with the charged time period, but established that the acts occurred when she was younger than 14. (See *People v. Garcia* (2016) 247 Cal.App.4th 1013, 1022 [" 'The law is clear that, when it is charged that an offense was committed "on or about" a named date, the exact date need not be proved unless the time "is a material ingredient in the offense" (Pen. Code, § 955), and the evidence is not insufficient merely because it shows that the offense was committed on another date.' "].)

Third, although M.H. provided inconsistent testimony about her age, it was the jury's role to evaluate her credibility – not ours. By the time of trial, well over a decade had passed since the time of the incidents, and it would not have been unreasonable for the jury to conclude that M.H. could remember the incidents themselves without remembering the precise timing. For example, in *People v. Mejia* (2007) 155 Cal.App.4th 86, the court rejected the defendant's challenge to the sufficiency of the evidence where the victim testified that defendant molested her more than two times in one month, but later testified that he molested her " 'about once' " that month and that she could not remember much about that month. (*Id.* at pp. 98-99.) In

5

such circumstances, "a reasonable juror could have understood her as merely explaining that she could not recall the precise number of times she suffered abuse at defendant's hands during that month, which was consistent with her prior testimony that there had been at least two instances of abuse that month." (*Ibid.*) Ultimately, "the contradictions in the victim's testimony did not render it impossible to believe or obviously false, but merely presented the jury with a credibility determination that is not reviewable on appeal." (*Id.* at p. 99; see also, e.g., *People v. Tompkins* (2010) 185 Cal.App.4th 1253, 1261 ["Even though [the victim's] testimony at trial was somewhat inconsistent" concerning the number of incidents, "the inconsistency went only to the weight and credibility of the evidence and, on appeal, we do not disturb the jury's resolution of that inconsistency."].)

**B.**

We likewise reject Valiente's contention that otherwise accepting M.H.'s testimony concerning the sleeping bag incident as true, the incident she described was physically impossible.

According to M.H., she and Valiente were both were laying on their left sides in the sleeping bag, facing the same direction. Valiente was behind M.H. in a spooning position, with his groin area touching her buttocks. M.H.'s right leg was on top of her left. Valiente touched M.H.'s right calf with his right hand and brushed his hand along her body. As M.H. described, Valiente "started with my right calf and then he scooted his fingers up on my hips and went over my vaginal area." Valiente touched her vagina through her clothes for "a couple of seconds."

6

We disagree with Valiente's assertion that "[a]natomically speaking," he could not have touched M.H.'s vagina as she described.  It would have been entirely reasonable for the jury to conclude that since Valiente was laying on his left side, close behind M.H., he could have reached toward her right calf with his right hand, moved his hand upward along her body toward her right hip, and then moved his hand from her right hip to her vaginal area, between her legs.  Although M.H. did not provide a second-by-second account of every place on her body that Valiente touched when moving his hand from her right hip to her vaginal area, we must " 'presume in support of the judgment the existence of every fact the [trier of fact] could reasonably have deduced from the evidence.' " (*Lee*, *supra*, 11 Cal.App.5th at p. 353.)

## C.

Finally, we are unpersuaded by Valiente's argument that the evidence supporting the convictions was insufficient because the prosecution did not introduce evidence other than M.H.'s testimony to corroborate her account.  Although Valiente emphasizes that there was no physical or medical evidence, he does not explain why such evidence would be expected in a case involving lewd touching of a child through her clothes, where the offenses were not reported until over a decade later.  In any event, and as Valiente acknowledges, the testimony of a single eyewitness is generally sufficient to support a conviction.  (See *Gomez*, *supra*, 6 Cal.5th at p. 281).  Corroboration of a child victim's "testimony is not a necessary element of proof in a prosecution for lewd acts on a child under 14." (*People v. Harlan* (1990) 222 Cal.App.3d 439, 451.)

## DISPOSITION

The judgment is affirmed.

_____
BURNS, J.


We concur:


_____
NEEDHAM, ACTING P.J.


_____
SELIGMAN, J.*


A159455

---

      * Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.